JUN 2002

CR 00-00482 #00000138

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES HOUSTON ANDERSON, et al., <br><br> Defendants. | CASE NO. CR00-482C <br><br> ORDER |

This matter comes before the Court on defendant James Houston Anderson's motion for Hyde Amendment fees, sanctions, and discovery (Dkt. No. 108) and Mr. Anderson's motion to strike plaintiff's supplemental response to that motion (Dkt. No. 124). The Court has considered the papers submitted by the parties and determined that oral argument is not necessary. For the following reasons, Mr. Anderson's motion for Hyde Amendment fees, sanctions, and discovery is hereby DENIED, and Mr. Anderson's motion to strike plaintiff's supplemental response to that motion is hereby DENIED.

As a preliminary matter, Mr. Anderson moves to strike plaintiff's supplemental response to his motion for Hyde Amendment fees, sanctions, and discovery. Mr. Anderson properly noted the underlying motion for August 17, 2001. The parties briefed the motion in conformance with Local Civil

ORDER – 1

Rule 7, but on September 12, 2001, plaintiff filed an untimely supplemental response. Plaintiff did not request leave of Court to file this supplemental pleading. However, considering the highly detailed nature of Mr. Anderson's factual arguments and the significance of the underlying motion, the Court concludes that it shall consider plaintiff's supplemental response and the attached affidavit of Thomas C. Wales. Moreover, the Hyde Amendment provides that the Court, "for good cause shown, may receive evidence *ex parte* and *in camera*." Although this provision does not ratify plaintiff's supplemental response here, it does reflect a statutory intent to provide the Court wide evidentiary latitude with respect to evaluating a motion for fees and costs.[1] Therefore, the Court DENIES Mr. Anderson's motion to strike plaintiff's supplemental response to his motion for Hyde Amendment fees, sanctions, and discovery.

Mr. Anderson argues that he is entitled to attorney's fees and costs stemming from this prosecution because the government's position was vexatious, frivolous, and in bad faith. The Hyde Amendment provides, in relevant part:

> [T]he court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

18 U.S.C. § 3006A. The Hyde Amendment is directed at the government's litigation position. United States v. Sherburne, 249 F.3d 1121, 1128 (9th Cir. 2001). It provides a defendant some relief for prosecutorial misconduct, not prosecutorial mistake. United States v. Braunstein, 281 F.3d 982, 995 (9th Cir. 2002) (quotations and citations omitted).

Plaintiff first contends that Mr. Anderson is not a "prevailing party" because plaintiff dismissed

---

[1] Whether a motion pursuant to the Hyde Amendment is a civil or criminal matter is not dispositive of the issue presently before the Court. See generally United States v. Braunstein, 281 F.3d 982, 993 (9th Cir. 2002) (holding that Hyde Amendment appeal is civil matter).

ORDER - 2

all charges against him. However, as Mr. Anderson notes, the Court ordered the dismissal of the Indictment against him on June 29, 2001 (Dkt. No. 104). Plaintiff's argument is without merit; Mr. Anderson is a prevailing party as contemplated by the Hyde Amendment.

The parties do not dispute the Hyde Amendment's legal standards or their disjunctive nature. First, a "vexatious" litigation position requires both a subjective and objective element; that is, "fees are permissible when the prosecution was unwarranted because it was intended to harass and without sufficient foundation." Sherburne, 249 F.3d at 1127. Second, "frivolous" means "groundless . . . with little prospect of success; often brought to annoy or embarrass the defendant." Braunstein, 281 F.3d at 995 (quotations and citations omitted). A defendant's burden is to demonstrate that the government's position was "foreclosed by binding precedent or so obviously wrong ." Id. Third, in dicta the Ninth Circuit adopted the Eleventh Circuit's definition of "bad-faith": it is not "simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Id. (citing United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999)).

Here, because plaintiff dismissed the charges against Mr. Anderson, the Court lacks the benefit of a trial record or the full development of the parties' respective factual allegations. The Court has carefully reviewed the materials submitted by Mr. Anderson, including defense counsel's September 21, 2000 letter to plaintiff's counsel. That letter, written prior to Mr. Anderson's indictment, provides a detailed summary of Mr. Anderson's perspective on the events at issue. It discusses his role as financier of the Intrex helicopter-rebuilding project, his lack of professional experience with respect to helicopter parts and mechanics, his ignorance that Mr. Powell lacked good title to the helicopter, and his knowledge of and relationship to Federal Aviation Administration (FAA) inquiries and investigations.[2]

---

[2] It is essential to distinguish the FAA's inquiries and investigations from plaintiff's litigation position. The Hyde Amendment speaks to the litigation position of the United States, not prior acts by administrative agencies. Whether improper motives existed within the FAA does not control the instant analysis. Even if such motives led certain FAA employees to overly scrutinize Intrex's activities, their

ORDER – 3

However, regardless of whether Mr. Anderson was Mr. Powell's "innocent victim," had knowledge of unlawful activity, or participated in any such activity, this Court's inquiry is limited to whether the United States adopted a litigation position that was "vexatious, frivolous, or in bad faith."

Plaintiff demonstrates that, at the time of the Indictment, it possessed evidence leading to the reasonable conclusion that Mr. Anderson knowingly acted with Mr. Powell to improperly certify Intrex's rebuilt helicopter. At this time, plaintiff was relying on a legal interpretation that suggested Mr. Anderson had acted unlawfully. Regardless of defense counsel's explanations to the contrary, this evidence provided a reasonable basis for the Indictment. In addition, as the investigation progressed, plaintiff could reasonably rely on Mr. Powell's statements implicating Mr. Anderson in criminal activity because Mr. Powell has personal knowledge of the events giving rise to the Indictment. Mr. Anderson vigorously disputes Mr. Powell's statements. Yet, whether true or false, the statements corroborated other evidence supporting the Indictment.

Plaintiff moved to dismiss the Indictment as to Mr. Anderson, in part, because the FAA's senior expert on the differences between Bell 204B helicopters and Bell UH-1 helicopters:

> disagrees with Bell Helicopter and the Government's expert witness on whether use of uniquely military parts on civilian helicopters is inherently dangerous, and the FAA's expert believes that there is no inherent safety consideration in the conversion, assuming the military parts used are equivalent to, or better than, the parts they replace.

The motion also cites the experts' disagreement with respect to whether "a helicopter bearing Bell Serial No. 2030, and allegedly repaired/rebuilt utilizing uniquely military Bell UH-1 parts, is a civilian Bell 204B helicopter." It appears a dispute remains as to the proper interpretation of the relevant federal regulations.

Mr. Anderson fails to set forth sufficient evidence showing that plaintiff's litigation was vexatious, frivolous, or in bad faith. There is no evidence that plaintiff adopted a litigation position to annoy, harass, or with ill will or dishonest purpose toward Mr. Anderson. Moreover, Mr. Anderson sets

---

inquiries and investigations generated sufficient valid evidence on which to base the Indictment.
ORDER – 4

forth no binding precedent that suggests plaintiff's litigation position was "so obviously wrong." As stated, it appears to be the subject of expert dispute. Further, regardless of whether the evidence, which provided the basis for the Indictment, was ultimately convincing, there is no evidence that plaintiff's prosecutorial decision was in bad faith. Mr. Anderson attaches significance to the fact that plaintiff dismissed all charges against him before trial. Although the dismissal suggests that plaintiff reassessed the merits of its case subsequent to the Indictment, it does not suggest any dishonest purpose in the Indictment itself.[3] The Hyde Amendment should not dissuade the United States from reconsidering the merits of its position as an investigation progresses. See United States v. Knott, 256 F.3d 20, 33 (1st Cir. 2001). As stated above, the Hyde Amendment is directed to misconduct, not mistake. It is not the forum to try a case previously dismissed. Accordingly, the Court DENIES defendant James Houston Anderson's motion for Hyde Amendment fees, sanctions, and discovery.

In the alternative, Mr. Anderson asks the Court to employ its "inherent powers" to authorize the investigation of the FAA's conduct in this matter. Mr. Anderson contemplates discovery, disclosure of grand jury testimony, and a complex evidentiary hearing. Essentially, Mr. Anderson seeks to scrutinize the entire course of the investigation in a full-blown adversarial trial. The procedures proposed by Mr. Anderson extend far beyond what Representative Hyde contemplated and cannot be justified under either the Hyde Amendment or, in these circumstances, under any other theory of recovery. The Court declines to embark upon a separate standard-less evaluation of the United States' prosecutorial decisions or the conduct of the FAA. Therefore, the Court DENIES Mr. Anderson's request that this Court authorize an investigation of or otherwise sanction the conduct of the United States in this action.

Finally, Mr. Anderson challenges the veracity of certain recitations in a plea agreement entered in case number CR01-249L. Mr. Anderson argues that these statements, subsequently published, are patently false and have damaged his personal and professional reputation. However, Mr. Anderson was

---

[3] Of course, had plaintiff persisted with the prosecution through trial, the Court's analysis might be different.

ORDER – 5

not party to the plea agreement at issue or even to case number CR01-249L. The Hyde Amendment provides no avenue for relief with respect to a prosecution to which the movant is not party. Likewise, this Court will not employ its "inherent powers" to provide any such relief.

SO ORDERED this 12th day of June, 2002.

/s/ JCC
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 6