Chief Judge Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HOUSTON ANDERSON,<br>KIM POWELL, et al,<br><br>Defendants. | NO.  CR00-482L(C)<br><br>GOVERNMENT'S SUPPLEMENTAL RESPONSE TO KIM POWELL'S MOTION FOR RETURN OF PROPERTY<br><br>Noted for: June 11, 2004 |

Comes now the United States of America, by and through its attorneys, John McKay, United States Attorney, and Peter O. Mueller, Assistant United States Attorney, and files this Supplemental Response to Kim Powell's Rule 41(g) motion for return of property. (Court's Docket # 143).  The property at issue was originally seized by the Federal Aviation Administration, (FAA), pursuant to a search warrant.  On March 5, 2003 this Court denied Powell's Motion for return of the property because the property had been subpoenaed by a Federal Grand Jury and was then in the custody of the Federal Bureau of Investigation (FBI) which was maintaining the property on the Grand Jury's behalf.  Because Powell did not seek to quash or modify the Grand Jury's subpoena, and because he provided no basis upon which the Court could find the

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  subpoena was overbroad or otherwise unreasonable, the Court denied Powell's motion,

2  finding that "relief under Rule 41(g) [is] inappropriate at this time." ( Docket # 149).

3      Subsequently, in March of 2003, a portion of the property seized from Powell

4  was released from the subpoena, and returned by the FBI to the custody of the FAA.

5  Specifically, the property returned consisted of various helicopter parts and other

6  aviation related hardware.   No documents were released.  Because of a dispute

7  concerning ownership of these items between movant Powell and his former co-

8  defendant, James Houston Anderson, the government has been unable to effectuate a

9  return of this property.  The factual background and course of events concerning this

10 dispute through the time that Powell filed his motion for return of property in January

11 2003, is comprehensively set forth in the Memorandum in Support of the Government's

12 Response to Powell's original Motion to Return Property, (Docket # 147).

13     Following return of the aviation parts to the FAA, in March of 2003, we

14 arranged for a joint inspection of the parts by representatives of Powell and Anderson.

15 The parties were unable to agree on the disposition of the property, however, and

16 requested that the government continue to hold it while they attempted to resolve their

17 differences.  It has been, and remains, the position of the government that property

18 seized from Mr. Powell, or from premises under his control, should be returned to

19 him, absent clear direction from him or from a court of competent jurisdiction, that

20 particular items of the property should be delivered to someone else.  Mr. Anderson

21 and his attorney, however, continue to insist that they are the owners of some of the

22 property seized from Powell under the terms of a settlement agreement and bill of sale

23 executed between Powell and Anderson in June of 2001.  More than a year has now

24 passed since Powell and Anderson's representatives inspected the property but the

25 dispute over ownership has not been resolved.

26     Because the FAA cannot continue to hold this property indefinitely, on April 21,

27 2004, we notified the parties that unless the dispute were resolved by May 1, 2004, we

28

GOVERNMENT'S SUPPLEMENTAL
RESPONSE TO POWELL'S MOTION
 FOR RETURN OF PROPERTY- 2
CR00-482L(C)

1   intended to recommend that the FAA return the property to Mr. Powell. (Letter of
2   Peter O. Mueller to Larry Setchell dated April 21, 2004, attached as Exhibit 1).   Mr.
3   Anderson's lawyer responded by threatening to sue the FAA for conversion if the
4   property were released to Powell, and requested more time to seek an agreement with
5   Powell. (Letter of Larry Setchell, dated April 23, 2004, attached as Exhibit 2).   We
6   responded by urging the parties to settle their dispute and extending the time to do so
7   until May 21, 2004.   (Exhibit 3).   Thereafter, Mr. Setchell, on behalf of Mr.
8   Anderson, wrote proposing that Anderson receive some thirty (30) of approximately
9   fifty-four (54) items, and that the remainder be returned to Mr. Powell. Mr. Setchell
10  included copies of the settlement agreement and bill of sale under which his client
11  claims title to the property and a letter listing the property involved, by category.
12  (Exhibit 4, with attachments).   We forwarded Mr. Setchell's proposal to Mr. Powell
13  through his attorney, Franklin Smith. (Exhibit 5)  Mr. Powell has now responded,
14  indicating that only two of the items involved belong to Mr. Anderson under their
15  agreement and adamantly asserting that the remainder of the property currently held by
16  the FAA belongs to him and demanding its return. (Exhibit 6).

17       The government stands ready to deliver this property to Mr. Powell should the
18  Court now find it appropriate to grant his Rule 41 motion to that extent.   Alternatively,
19  if the Court finds that some of this property should not be returned to Mr. Powell, we
20  shall, of course, comply with the Court's order.   We simply seek the Court's assistance
21  in bringing this matter to a resolution, and suggest that a reopening of Mr. Powell's
22  Motion for Return of Property is an appropriate vehicle for achieving such a resolution.
23  We are serving a copy of this pleading on the current attorneys for former defendants
24  Anderson and Powell, and have noted the matter for June 11, 2004 to provide the
25  //
26  //
27  //
28

GOVERNMENT'S SUPPLEMENTAL
RESPONSE TO POWELL'S MOTION
FOR RETURN OF PROPERTY- 3
CR00-482L(C)

parties an opportunity to advise the Court of their respective positions.

Dated this _____24_____ day of May, 2004

Respectfully submitted,

JOHN MCKAY
UNITED STATES ATTORNEY

PETER O. MUELLER
Assistant United States Attorney

GOVERNMENT'S SUPPLEMENTAL
RESPONSE TO POWELL'S MOTION
FOR RETURN OF PROPERTY- 4
CR00-482L(C)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

That on May 24, 2004, she caused copies of the Government's Supplemental Response to Motion of Kim Powell for Return of Property to be served upon the individuals hereinafter named by the methods specified on the attached Service List:

| | |
|---|---|
| Franklin L. Smith<br>800 Fifth Avene<br>Suite 4000 Avenue<br>Seattle, Washington 98104<br>Attorney for Defendant<br>Kim Powell | (X)   VIA U.S. MAIL<br>(  )   Via Messenger Service<br>(X)   Via Facsimile |
| Larry Setchell<br>Helsel Fetterman<br>1001 Fourth Avenue<br>Seattle, Washington 98154<br>Attorney for Defendant<br>James Houston Anderson | (X)   VIA U.S. MAIL<br>(  )   Via Messenger Service<br>(X)   Via Facsimile |

DATED this 24th day of May, 2004.

_Susan Burker_
SUSAN S. BURKER
Supervisory Paralegal

GOVERNMENT'S SUPPLEMENTAL
RESPONSE TO POWELL'S MOTION
FOR RETURN OF PROPERTY- 5
CR00-482L(C)

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Peter O. Mueller*
*Assistant United States Attorney*
*Direct Line: (206) 553-4735*

*601 Union Street, Suite 5100*      *Tel:  (206) 553-7970*
*Seattle, Washington 98101-3903*    *Fax: (206) 553-6934*
*www.usdoj.gov/usao/waw*

April 21, 2004

Mr. Larry Setchell.
Helsel Fetterman
1001 Fourth Avenue, Suite 4200
Seattle, Washington 98154-1154

Re:    United States v. James Houston Anderson, et al.
       No. CR00-482L, USDC, W.D. Washington

Dear Mr. Setchell:

I am writing concerning the helicopter parts and other materials, currently in the possession of the FAA, which were originally seized from Kim Powell in connection with the above captioned case.

In July of 2001, we advised you that we intended to return these items to Mr. Powell, because they had been seized from his possession. You asserted that under your client's settlement agreement with Mr. Powell, your client, Mr. Anderson, was entitled to receive certain of the seized materials. By letter dated August 6, 2001, you requested that we continue to hold them while you attempted to reach an agreed dispostion concerning them with Mr. Powell's representatives. Evidently, no such agreement was reached and subsequently, the seized materials were subpeonaed by the grand jury, and their custody transferred to the FBI.

In January of 2003, most, if not all of the material seized from Mr. Powell, including various helicopter parts, were released from the subpoena and returned to the FAA. Mr. Powell has requested their return to him, however, in an effort to honor your prior request we arranged a joint inspection of the helicopter parts in March 2003 for you and Mr. Smith, who represented Mr. Powell. Following that inspection, it was our understanding that you and Mr. Smith would seek to reach an agreement as to whether any of the material seized from Mr. Powell should be turned over to Mr. Anderson. Although we made these parts available for your personal inspection, and have been very patient, the FAA is no longer able to continue to hold these materials in storage. I understand that you and Frank Smith have been unable to reach an settlement of your dispute concerning the

EXHIBIT  1

ownership of the seized helicopter parts.  We therefore are now notifiying you that if no such agreement is reached by May 1, 2004, we shall advise the FAA to immediately return to Mr. Powell all materials seized from his possesion which are currently being held by the FAA.

Yours truly,

JOHN McKAY
United States Attorney

PETER O. MUELLER
Assistant United States Attorney

cc:

    S/A Tom Caven
    FAA

    Mr. Franklin L. Smith



A Limited Liability Partnership

April 23, 2004

Larry Setchell
*Attorney At Law*
EMAIL: lsetchell@lbelsell.com
DIRECT DIAL: 206-689-2171

**BY FAX AND MAIL**

Peter Mueller
Assistant U.S. Attorney
601 Union Street, #5100
Seattle, WA  98101-3903

      Re:   United States v. Anderson

Dear Mr. Mueller:

     I have your letter of April 21. This confirms I have informed you that we believe it is unconscionable for the FAA to unilaterally return the aircraft parts in question to Mr. Powell on May 1, 2004, without giving us a chance to properly intervene and secure possession of that property under court order.

     As I explained to you in my telephone call, immediately following our March 2003 inspection of the parts in question I had the parts list checked to determine which parts belong to Mr. Anderson under his settlement with Mr. Powell and which parts did not. I promptly sent that list to Mr. Smith. I have not received a reply.

     I understand how the FAA may no longer want to hold custody of these disputed parts. I do not understand why you or the FAA thinks it is proper to give a party who claims an interest in that property only 9 days notice of your unilateral decision to turn it over to a person who is not entitled to receive that property.

     I have placed a phone call to Mr. Smith, and left a message on his answering machine. I unconditionally offered on behalf of Mr. Anderson to take possession of all disputed parts, place them in storage, under lock and key, and share the cost until we can get a court order determining their disposition. Any such proceeding would not involve the FAA as to the subject of possession of the parts.

     If, however, the FAA unilaterally turns the parts over to Mr. Powell, we will treat that as a conversion, as that agency is and has been on notice that Mr. Anderson claims title to much of that property.

*Law Offices*

1001 FOURTH AVENUE, SUITE 4200 · SEATTLE, WA 98154-1154 · P.O. BOX 21846 · SEATTLE, WA 98111-3846
PH: (206) 292-1144 · FX: (206) 340-8502 · EMAIL: lbfel@lbell.com
www.lbell.com

**EXHIBIT** 2

Peter Mueller
April 23, 2004
Page 2

  Mr. Mueller, we do not want to go there.  The right thing to do is hold the property for another 30 days.  Now that you have given us notice of your intent, we will have adequate time to reach a stipulation with Mr. Powell's counsel or, if not, to obtain a court order impounding the property under lock and key until any dispute between Mr. Powell and Mr. Anderson is resolved.

  This is the right thing to do; I look forward to hearing from you.  As I advised you, however, I am leaving for El Paso, Texas to try a case and will be gone until approximately May 17.  My office will watch my mail, and I will monitor my voice mail.  I intend this to be resolved cordially, for once, and hope you will do so as well.

  Thank you.

      Very truly yours,

      HELSELL FETTERMAN LLP


    By              
      Larry Setchell


LXS:ltm

cc:  Jim Anderson

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

---

*Please reply to:*
*Peter O. Mueller*
*Assistant United States Attorney*
*Direct Line: (206) 553-4735*

*601 Union Street, Suite 5100*     *Tel: (206) 553-7970*
*Seattle, Washington 98101-3903*  *Fax: (206) 553-6934*
*www.usdoj.gov/usao/waw*

April 23, 2004

By Facsimile to (206) 340-0902

Mr. Larry Setchell.
Helsel Fetterman
1001 Fourth Avenue, Suite 4200
Seattle, Washington 98154-1154

   Re: United States v. James Houston Anderson, et al.
     <u>No. CR00-482L, USDC, W.D. Washington</u>

Mr. Setchell:

   After speaking with you twice today by telephone, I received your faxed letter of this date. Perhaps you drafted the letter before our conversations, however I find the litigious tone of your letter troubling in contrast to the conciliatory nature of our telephone conversations.  You asked for a delay of 30 days before the property in question is returned to Mr. Powell, and I agreed to an additional 20 days, until May 21, 2004, some 28 days hence.  The word "unconscionable" was not utilized during our conversation.  Moreover, I have no recollection of speaking to you by telephone on this subject matter in March of 2003.  The fact is that we have already delayed return of this property for more that a full year to give you an opportunity to resolve these issues.  Your suggestion that we should now give you additional time to permit you to take the matter to court, causing additional government resources to be expended in this matter, is not well received by us.

   I urge you to direct your energies towards reaching a compromise with Mr. Smith which will avoid court proceedings.  To that end, I suggested that you request Mr. Smith to assume custody of the disputed items and place them in secure storage, while you continue efforts to resolve the matter. Evidently, your response was to notify Mr. Smith that you would take possession of the items on behalf of Mr. Anderson and store them pending court proceedings.  This would also be acceptable to us, if Mr. Smith agrees.

   From the point of view of the government, however, the property was seized from Mr. Powell, and should be returned to him absent some direction from him to the contrary.  Because you

EXHIBIT 2

asserted that Mr. Powell has transferred ownership of some of the property to your client, we have held the property for a lengthy period, based on your assertions that Mr. Powell or his representative would identify the particular items which he agrees you should receive. Such identification has not been forthcoming. Instead, Mr. Powell's representative has advised us that all the helicopter parts in question are the property of Mr. Powell.

Under the circumstances, I believe the FAA would be fully justified in returning the property to Mr. Powell, forthwith, despite your provocative threat of instituting a conversion action, should they do so. Nevertheless, I shall recommend to the agency that they refrain from doing so until May 21, 2004, as I have advised you.

Sincerely,

JOHN McKAY
United States Attorney

PETER O. MUELLER
Assistant United States Attorney

cc:

S/A Tom Caven
FAA

Mr. Franklin L. Smith

ORIGINAL



May 14, 2004

Larry Setchell
*Attorney At Law*
EMAIL: lsetchell@helsell.com
DIRECT DIAL: 206-689-2171

Peter Mueller
Assistant U.S. Attorney
601 Union Street, #5100
Seattle, WA 98101-3903

COPY RECEIVED

MAY 1 7 2004

UNITED STATES ATTORNEY
SEATTLE, WASHINGTON

Re:     Retrieval of Helicopter Parts

Dear Mr. Mueller:

I am writing to inform you of the status of our discussions with Mr. Smith concerning helicopter parts in possession of the FAA. I am also enclosing herewith a duplicate copy of the settlement agreement involving Mr. Anderson, Mr. Powell, and Intrex Corporation together with a Bill of Sale from Intrex Corporation relating to the helicopter parts in the possession of the FAA. I am enclosing these documents both to provide you information as to why Mr. Anderson believes it would be improper for the FAA to deliver property of his to Mr. Powell and to be certain the FAA is on notice as to the legal validity of Mr. Anderson's claim, based upon the bill of sale, to the helicopter parts in question.

We also enclose herewith a copy of our letter of May 9, 2003 to Mr. Smith. I want to assure you that Mr. Anderson has at all times taken responsibility and acted with reasonable diligence to try to secure delivery of the parts in question to him. The enclosed letter to Mr. Smith resulted from a review of the parts and their serial numbers by an aviation professional who has familiarity with Bell 204B and UH-1 parts. The parts in the FAA possession which are listed under Schedule A in our letter to Mr. Smith clearly belong to Mr. Anderson.

Despite our best efforts, Mr. Smith has not responded to our request for review and discussion of this matter. We therefore have a suggestion to relieve the FAA of any responsibility in this matter. We suggest that the parts listed on the "A" list described in the letter to Mr. Smith be delivered to Mr. Anderson. He will take possession of them. He will place them in a secure storage facility (most likely his locked garage at his home) and relieve the FAA from responsibility for their custody. The parts listed on the "B" and "C" lists may be delivered to Mr. Powell or his representative, as it is unlikely that they relate to Mr. Anderson's helicopter.

*Law Offices*

1001 FOURTH AVENUE, SUITE 4200 · SEATTLE, WA 98154-1154 · P.O. BOX 21846 · SEATTLE, WA 98111-3846
PH: (206) 292-1144   FX: (206) 340-0902   EMAIL: hf@helsell.com
www.helsell.com

EXHIBIT 4

Peter Mueller
May 14, 2004
Page 2

I hope that you and the FAA may understand that we are doing our best to resolve this. As you can tell from the date of our letter to Mr. Smith and the detail with which we undertook to assess the question of ownership of parts has been professional, straightforward, and reasonably diligent. The fact that Mr. Anderson has title to these parts by virtue of the Intrex settlement and the bill of sale should be enough by themselves to cause the FAA to pause before unilaterally delivering Mr. Anderson's property to Mr. Powell.

We are open to suggestion as to how to resolve this, if for any reason the FAA may not be willing to go along with the procedure I am suggesting in this letter.

Please do not hesitate to call me to discuss this. Thank you.

Very truly yours,

HELSELL FETTERMAN LLP

By   Larry Setchell

LXS:ltm

*LS*   RECEIVED *3:24*

*6/28/01 JRR*

H E L S E L L
F E T T E R M A N

# SETTLEMENT AGREEMENT

James H. Anderson ("Anderson") and Kim S. Powell ("Powell") hereby agree to settle all issues pending between them in the lawsuit in Whatcom County Superior Court under Case No. 97-2-00598-9, in the business of Intrex Helicopter, Inc., a Washington Corporation ("Intrex"), and concerning the repair of a Bell 204B Helicopter formerly registered with the FAA as serial number 2041, FAA registration N1187W (the "Helicopter"). In consideration for mutual promises and other good and valuable consideration, the parties agree:

1.   The Settlement Agreement of December 20, 2000 between the parties is hereby superseded and rescinded.

2.   The parties hereby rescind the Shareholder's Agreement dated October 6, 1992 (copy attached as Exhibit A) and, as to Anderson, the parties agree to rescind the Stock Issuance Agreement dated November 4, 1992, evidenced by section 3 of Exhibit B. The effective date of rescission of the agreements shall be as of the time and date this Agreement is executed by both Powell and Anderson.

3.   Anderson shall endorse, transfer, assign and deliver his certificate of stock in Intrex to Intrex, in care of Powell, who shall accept the same on behalf of Intrex in his capacity as an officer of Intrex. If Mr. Anderson cannot locate the original certificate due to its seizure by the U.S. government, then Mr. Anderson shall endorse, deliver, transfer and assign a copy thereof to Powell on behalf of Intrex, with the same legal effect as if the original were so endorsed and delivered. Intrex shall thereafter mark the

8.    Anderson shall tender his resignation as an officer and director of Intrex effective upon execution of this Agreement.  Powell warrants to Anderson, and Anderson warrants to Powell that each has full authority to settle and compromise the matters set forth in this Agreement, and that neither has assigned or otherwise alienated any of their rights to anyone else, such that any release given by either of them shall be final, binding, and comprehensive in discharging the other from any obligations contemplated by the release.  Further, Powell warrants to Anderson that he claims no lien or other interest in the Helicopter, or any of its parts or documents.

9.    Anderson agrees that in the event he determines to sell the Helicopter, he shall do so in a legal way with full disclosure of the claims of Bell Helicopter Textron, Inc. concerning the questions raised in the lawsuit involving Bell Helicopter Textron, Inc. and these parties.  Unless approved by Bell, the Helicopter may not be sold with a data plate containing a Bell trademark as to the Helicopter as a whole (individual authentic Bell parts may be sold as such) or otherwise representing the Helicopter to be a Bell manufactured product.  In selling or offering the helicopter for sale, unless otherwise authorized by Bell or pursuant to legal authority otherwise provided, Anderson shall make no representations to indicate that the Helicopter as a whole is a Bell.

10. This is a final, binding, integrated Agreement concerning the subjects expressed herein.  It supercedes and encompasses all prior negotiations, offers and agreements.

11. This Agreement may be signed in counterparts.  The parties shall cooperate, and Powell shall cause Intrex to cooperate, as may be necessary, in the execution and delivery of such other documents as may be necessary to perfect the transfer to

## BILL OF SALE

In consideration of rescission of the Stock Issuance Agreement of November 4, 1992, and of shareholders agreement dated October 6, 1992, among James H. Anderson ("Anderson") and Kim S. Powell ("Powell") and Intrex Helicopter, Inc. ("Intrex"), a Washington corporation pursuant to Settlement Agreement dated June 28, 2001, Intrex hereby grants, assigns, conveys, and transfers to Anderson all right, title, and interest of Intrex in the following property of Intrex:

01.   The model 204B Helicopter formerly registered with the FAA under registration number N1187W, and having borne serial number 2041 (the "Helicopter"), together with all spare parts, accessories, avionics, navigation and communication equipment, keys certificates, data plates, licenses and other property incidental to the Helicopter, all of which is in the possession of the United States of America ("U.S.A.") pursuant to the seizure of such property by the U.S.A.

02   All manuals, log books, maintenance and repair records, STC's, Form 337's, records for parts purchases and sales, yellow tags, other parts tags and records, Bell service manuals, service bulletins, operation manuals, and all other documentation possessed by the U.S.A. pursuant to a seizure of Intrex records with respect to the construction, rebuild, repair, maintenance, operation, storage, and history of the Helicopter.

03.   All rights of action possessed by Intrex against third parties other than Powell

ADDENDUM 1
TO SETTLEMENT AGREEMENT                    1

for damage to the Helicopter, or conversion of parts from the Helicopter. This specifically includes the assignment, without warranty, to Anderson of any claim by Intrex against the FAA and/or government agents involved in its seizure, transportation and storage of the Helicopter by the government and/or such agents of the government. This does not include the assignment to Anderson of any rights of Intrex to claim against the government or others for damages to the business and contractual rights of Intrex.

04.    This Bill of Sale conveys the property described above in an as is, where is condition, with all faults. Intrex makes no warranties of any kind, express or implied and disclaims all such warranties. This is not a consumer transaction and Intrex disclaims all liability for any claims relating to commercial or consumer law, and Anderson accepts the property described above in its as is, where is condition. Intrex shall instruct the U.S.A. to deliver possession of the Helicopter and other property listed above which may be in the possession of the U.S.A. to Anderson.

05.    Intrex represents that it knows that there is a claim against Intrex because of a lien a mechanic (recorded in Whatcom County) and a claim against the engine. Intrex has no actual knowledge of recorded or un-expired leases or third party ownership claims against the property conveyed hereby arising prior to the date hereof. Intrex represents that other than property taken from the Helicopter at or about the time of seizure by Chet Rasberry, that to the best of its knowledge and belief, all property of Intrex relating to the Helicopter and its documentation was seized by the U.S.A. and is in the possession of the U.S.A. Any claim

ADDENDUM 1
TO SETTLEMENT AGREEMENT                    2

claim for breach of these representations shall not result in personal liability to Kim Powell, except in the case of fraud.

Dated and signed this __28__ day of June, 2001.

_Kim S. Powell_

Kim S. Powell, President
Intrex Helicopter, Inc.

STATE OF WASHINGTON )
                     ) ss.
COUNTY OF KING       )

I certify that I know or have satisfactory evidence that Kim S. Powell is the person who appeared before me, said person acknowledged that he signed this instrument, on oath stated that he is authorized to execute said instrument, and acknowledged it as a Bill of Sale of Intrex Helicopter, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in this instrument.

DATED _June 28, 2001_.

_Karen A. Crawford_

Karen A. Crawford
Notary Public in and for the State of
Washington, residing in _Issaquah_
My commission expires on _7/19/02_

ADDENDUM 1
TO SETTLEMENT AGREEMENT              3





May 9, 2003

Larry Setchell
*Attorney At Law*
EMAIL: lsetchell@helsell.com
DIRECT DIAL: 206-689-2171

Mr. Frank L. Smith
Osborn Smith
2125 5th Avenue
Seattle, WA 98121

      Re:    Anderson/Powell

Dear Frank:

      Enclosed herewith is a copy of a letter from Olympic Jet, Inc., concerning the helicopter parts in the possession of the FAA. Our expert has identified three categories of parts: Category A, those parts which clearly are eligible for installation on a Bell 204B or UH-1B helicopter; Category B, those parts which are not eligible for installation on a Bell 204B or UH-1B helicopter; and, Category C, a list of parts that cannot be identified sufficiently at this time.

      We believe the Category A parts belong to Mr. Anderson, under the parties' agreement. The Category B parts belong to Mr. Powell. We need to go back and look at the Category C parts, and will do so at your early convenience.

      Please go over this with Mr. Powell, and get back to me when you have a chance. Thank you.

      Very truly yours,

      HELSELL FETTERMAN LLP

      By      Larry Setchell

LXS:ltm

Enclosure
Cc:   Jim Anderson

g:\users\lxs\anderson\us\corresp\smith 050903.doc

*Law Offices*

1001 FOURTH AVENUE, SUITE 4200 · SEATTLE, WA 98154-1154 · P.O. BOX 21846 · SEATTLE, WA 98111-3846
PH: (206) 292-1144   FX: (206) 340-0902   EMAIL: hf@helsell.com
*www.helsell.com*



# *Olympic Jet, Inc.* _____

*7651 Old Hwy 99 SE    Olympia, WA  98501*

04/11/2003


James Anderson
227 Bellevue Way NE #411
Bellevue, WA. 98004


Dear Mr. Anderson,

I have 19 years of helicopter experience to include 7 yrs. with the U.S. Army as a crew chief on the UH-1 and the AH-1 series helicopters. Since separating from the military, I have had continuous employment with various employers working in the field and at base locations performing required inspections and overhauling components primarily on the Bell Helicopter UH-1 series and 204/205 series helicopters. I am familiar with which parts are or are not eligible for service on the different letter designated models of these aircraft (i.e. "B" model vs. "H" model or "K" model, etc.). I've also got extensive experience with the Bell 206 series, Hiller UH-12 series, and MD Helicopters 500 series aircraft.

As per your request, I have carefully gone through the list of parts you provided me and have sorted them into the three categories as listed.

## CATEGORY A:        204/UH-1B ELIGIBLE

| ITEM | S/N | NOTES |
|------|-----|-------|
| *T-T Strap* | *S/N LKFS3977* | |
| *T-T Strap* | *S/N 8563* | *PN 204-012-112-7Y* |
| *T-T Strap* | *S/N LKFS 3885* | |
| *T-T Strap* | *S/N 9818* | |
| *Blade Pin* | *S/N 79-46* | *"No part # but for H model"* |
| *Blade Pin* | *S/N 74-564* | *"No part # but for H model"* |
| | | *(blade pins are eligible for all models)* |
| *Blade Pin* | *S/N 79-46* | *"No part # but for H model"* |
| *Blade Pin* | *S/N 74-564* | *"No part # but for H model"* |
| *Blade Pin* | *S/N none* | *"No part # but for H model"* |
| *Blade Pin* | *S/N 2 & 3* | *"No part # but for H model"* |
| *Drive Link* | *S/N NC1629* | *PN 204-011-407-1* |
| *Drive Link* | *S/N 1629* | *PN 204-011-407-1* |

*Keep 'Em Flyin'*

# Olympic Jet, Inc. _____

7651 Old Hwy 99 SE    Olympia, WA  98501

| | | |
|---|---|---|
| Support Assembly | ID# 7135 | PN 204-011-400-1?* |
| Fitting | No ID #  visible | |
| Tail Rotor Hub Assembly | S/N Q29-7775 | PN 204-011-701-23*<br>204-011-706-21 (Grip)* |

| | | |
|---|---|---|
| Fittings-Main Rotor | S/N 3958 | |
| Fittings-Main Rotor | S/N 2488 | |
| Main Rotor Yoke | No Serial Number | |
| Drag Brace | No Serial Number | No Numbers |
| Drag Brace | S/N Q14211 | |
| Drag Brace | S/N Q1-011 | |
| Tail Rotor Output Shaft | S/N A131927 | |
| Tail Rotor Output Shaft | S/N A131708 | |
| Tail Rotor Output Shaft | S/N A130700 | |
| Main Rotor Grip Assembly | S/N J1-15767 | "H model?" |
| Main Rotor Grip Assembly | S/N J1-16819 | PN 204-011-012-1S* |
| Fuel Transfer Hose | S7362FM | "for E model" |
| Fittings-In Board | S/N A128343 | Out of 204, Kim |
| says | | |
| Fittings-In Board | S/N A1-31100 | Out of 204, Kim |
| says | | |

**NOTE:** Items marked with an *, indicate a visual inspection is required as the part numbers do not appear in any parts catalogs.

If you like, I can arrange to be present at your Renton location to assist with the identification and sorting of this inventory.

Best Regards,

Edward Phillips, A&P No. 232190639
Director of Helicopter Maint.
Olympic Jet, Inc.

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************


  TRANSMISSION OK

  TX/RX NO            0515
  CONNECTION TEL             94641811
  CONNECTION ID
  ST. TIME            05/18 16:21
  USAGE T             04'59
  PGS.                14
  RESULT              OK
```

## FACSIMILE TRANSMISSION COVER SHEET
### UNITED STATES ATTORNEY
### Western District of Washington


**TO:**  **FRANKLIN L. SMITH**
**800 FIFTH AVENUE, SUITE 4000**
**SEATTLE, WASHINGTON, 98104**

**FAX # (206) 464-1811**


**FROM:**  **Peter O. Mueller**
**Assistant United States Attorney**
**Two Union Square**
**601 Union Street, Suite 5100**
**Seattle, WA 98101**
**Commercial Tel.: (206) 553-7970  (206) 553-4735**
**"  Telefax: (206) 553-6934**


**DATE:**  **May 18, 2004**

**RE:** **Request by Powell for return of property.**


No. of Pages: **14** (including transmittal sheet)

Enclosed for your information is a copy of a letter we have received from Attorney Larry Setchell, in which he proposes to settle the helicopter parts dispute with your client, Kim Powell by having the FAA turn over to Mr. Anderson  the parts listed in section A of the 4/11/03 letter of Edward Phillips, Olympic Jet, Inc.  and turn over to Mr. Powell, the remainder of the parts listed in sections B and C of the letter.  Please advise a promptly as possible whether this resolution is acceptable to Mr. Powell.


Peter Mueller
AUSA

EXHIB   5

WED. MAY 16, 2004

1

To: FRANK SMITH
800 FIFTH AVE, Suite 4000
SEATTLE, WASHINGTON 98104
FAX  206-464-1811

1 of 2

CC   PETER MUZZET
Asst. UNITED STATES ATTORNEY
TWO UNION SQUARE
601 UNION STREET, Suite 5100
SEATTLE, WASHINGTON 98101

FAX  206-533-6934


SIR -
I HAVE JUST RECIEVED THE DOCUMENTS FROM your OFFICE which concern the return of MY PERSONAL PROPERTY which HAS BEEN illegally HELD FOR the past 8 YEARS By the FEDERAL AVIATION Administration & US GOVERNMENT.

Attorney LARRY Setchell & his client JAMES ANDERSON MAKE CONTINUED FALSE CLAIM to my property.

The ONLY 2 items which I have ADVISED MR. Setchell were property OF INTREX HELICOPTER INC. ARE the 2 Fittings— IN BOARD (Serial Nos. A120343 & A1-31100), These were rejected parts which were property of INTREX HELICOPTER INC. Setchell is welcome to these two PARTS ONLY.

ALL remaining property BELONGS to me personally AND the Attempt By Setchell & ANDERSON to claim it is completely FALSE.

I suspect Setchell's sudden interest IN MUDDYING the waters on this matter is DUE to his CLIENT's (JIM ANDERSON's) CONTINUED REPRISALS AGAINST MYSELF AND MY FAMILY.

As you KNOW these Latest DEMANDS ARRIVED ONLY 2 DAYS AFTER the government RAIDED MR. ANDERSONS Home AND Searched his Former residence's IN BELLINGHAM, WA.

This past SUNDAY MY WIFE CAME HOME DISTRESSED BECAUSE she thinks JIM ANDERSON FOLLOWED HER FROM Her JOB ALL the way to LYNWOOD —

The CONTINUED TORTIOUS INTETERANCE with my BUSINESS & INJURIES to MEMBERS OF MY FAMILY By MR. Setchell & MR. ANDERSON have CAUSED Me great LOSS.

MR. ANDERSON HAS FAILED to RETURN MY AVIATION FUEL SYSTEM, ████ tools AND other personal property he agreed to RETURN IN OUR Settlement Agreement 4 YEARS AGO. He has IN FACT SOLD MY property AND FAILED to pay Me the $30,000. plus IN FUNDS he recieves for MY property.

EXHIBIT 6

May 16, 2004

2 of 2

I DEMAND, without DELAY, the return of MY possessions, taken from MY HOME, currently held by the U.S. Government.

I Also DEMAND A List of ALL property which the FAA CLAIMS has Been Lost when they Allowed INDIVIDUALS AND other government AGENCIES to take & VIEW MY property.

The FAA ADMITTED YEARS Ago that Jim ANDERSON hAD Been Allowed to go thru my POSSESSIONS AND WAS left in the room Alone where his property AND MINE were stored on pallets Next to each other ——

My QUESTION is — How Much of MY property ended up ON his pallet at that time?

The FAA Also gave MY possessions to Bell Helicopter AND the Dept of Justice. Bell Helicopter ADMITTED this to MY Attornies.

SINCE I was Never given A Copy of ANY WARRANT Allowing MY possessions to Be Removed From the FAA Building — I DEMAND A Copy OF ALL warrants transfering MY property, A List of items taken AND A List of everyone who ever viewed the items AND their Job & title & current position AND current ADDRESS.

Jim ANDERSON took ALL items he hAD ANY claim to 4 YEARS Ago. Any claim Now By him or his Business partner Larry Setchell Are Just FALSE AND Attempts By Setchell under "Color of LAW" to Steal My property ——

ReqARDS

Kim S Powell

KIM S. POWELL
3403 Best LANE.
BELLINGHAM, WA. 98226